MILLER v. HARMER.

1. DRAINS—HIGHWAYS—REOPENING.

After a ditch had been established more than 20 years within and along the highway in front of premises of the defendant, who obstructed the flow of water in the drain and prevented the highway officials from cleaning it out, the commissioner of highways need not proceed to reopen it in the manner prescribed by Act No. 283, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 2388 *et seq.*), but was warranted in resorting to a suit in equity.

2. SAME.

But where it was shown that in a portion of the drain, steel tubing had been used that did not carry off a sufficient volume of water, flooding defendant's premises by backing up surface water in times of high water, the highway commissioner should have been required by the decree to remove the tubing or replace it by larger size pipe.

Appeal from Sanilac; Beach, J. Submitted November 20, 1912. (Docket No. 141.) Decided January 3, 1913.

Bill by John Miller, highway commissioner of Elk township, Sanilac county, against John Harmer for an injunction and other relief. Defendant filed a cross-bill for affirmative relief. From a decree for complainant, defendant appeals. Modified and affirmed.

*Fred A. Farr*, for complainant.

*Gates & Simonson*, for defendant.

STONE, J. In this cause, the bill of complaint was filed by the commissioner of highways of the township of Elk, Sanilac county, to obtain a decree restraining the defendant from maintaining an obstruction placed by him in a highway ditch in front of his premises in said township, and for resulting damages. The bill states:

(2) That defendant is the owner and occupant of the E. ½ of the N. W. ¼ of section 12 in said township.

(3) That the east boundary line of defendant's said farm is situate one-half mile west of a public highway running north and south between the townships of Elk and Buel.

(4) That on the north line of defendant's land, which is also the section line between sections 1 and 12, is a public highway running east and west, which continues westward between sections 2 and 11, and eastward to the township of Buel.

(5) That at the intersection of sections 1, 2, 11, and 12, which is 80 rods west of the west line of defendant's said land, there is a perceptible depression, or basin, in the land, the incline to which depression extends for approximately one-half mile west, 20 rods north, and 40 rods south, in which depression or basin at times of freshets or excessive rains a large volume of surface water is precipitated. That the natural and proper drainage for such accumulation of surface water is due eastward for approximately $1\frac{1}{2}$ miles, along the south side of said east and west highway to a county drain known as the "Ricket drain" in section 6 of the township of Buel, said county drain having been constructed in the year 1906.

(6) That to assist in relieving said highway from such accumulation of surface water, and to make a much needed permanent improvement thereof, and consequent benefit to the public, an ordinary ditch was constructed by the highway authorities upwards of 20 years ago from such depression or basin leading eastward and past said premises of defendant along the south side and within said highway to other drains then in operation, thereby furnishing complete and adequate drainage for said highway, causing no injury to the defendant or his said premises, or that of other abutting owners, and that said ditch has until the committing of the grievances hereinafter complained of been maintained by the highway authorities of said township of Elk, and continuously furnished complete and adequate drainage for said highway, without injury or inconvenience, directly or indirectly, to said defendant, or any other person whomsoever, and since the construction of the aforesaid Ricket drain successfully carried such surface water thereto.

(7) That, before said ditch was constructed for the drainage of said highway as aforesaid, said highway at the point of said depression or basin, and for several rods

in each direction, on the intersecting highway, and since the committing of the grievances by said defendant thereinafter mentioned and complained of was, and is, by reason of the accumulation of said surface water, rendered dangerous and inconvenient for public travel at times of freshets or excessive rains, and that, while such conditions prevailed, said surface water would necessarily continue to remain upon said highway until it percolated through the soil or evaporated, or both, and became extremely stagnant and unsanitary.

(8) That it is physically impossible to keep said highway in a condition reasonably safe and convenient for public travel, unless ways and means for the escape of said surface water are provided, and the bill avers that the only practicable course for the drainage of said highway is as thereinafter set forth, which is evidenced by the fact that incident to the construction of the aforesaid Ricket drain the lands of said defendant and all other lands abutting said highway, including divers tracts in the interior of said sections 12, 1, 2, and 11, were assessed for benefits, and a level taken of the south side of said highway by the county surveyor of said county in October, 1910, showed a fall from said depression or basin to the outlet aforesaid for said surface water of upwards of five feet.

(9) That a sufficient growth of grass, weeds, and other foreign substances having accumulated in said highway ditch to materially affect the free flowage therein of said surface water to its outlet as aforesaid, in the month of June, 1910, the overseer of highways of said township of Elk under instructions from complainant, attempted to clean out said ditch, and free the same from said impediments by plowing two shallow furrows in the bottom thereof, and scraping to a smooth surface, but when opposite said premises of defendant, at the beginning of the work, he was interfered with, and prevented by defendant from proceeding further therewith.

(10) That about one month later complainant proceeded to finish the work which said overseer was so prevented from doing, and did finish the same in a skilled and workmanlike manner, but, immediately upon the completion of such work, the defendant proceeded to, and did fill up and obstruct said ditch from draining said highway, by throwing in brush, stones, sticks, rails, and divers other substances of similar nature, and completed such destruc-

tion by plowing the earth therein from either side thereof.

(11) That afterwards, in June, 1911, complainant and the overseer of highways of said township again attempted to clean out said highway ditch, and remove the obstruction therefrom which had been placed therein by defendant, and to that end started a shallow furrow in the bottom thereof, but that the defendant in an angry and threatening manner appeared and immediately filled up the furrow so plowed by complainant and the overseer, and complainant avers and charges that since it was apparent that defendant would continue to arbitrarily obstruct said ditch, and, to avoid possible violence, complainant and the overseer abandoned their efforts to continue to improve said highway.

(12) That ever since the defendant so obstructed said ditch, as aforesaid, at times of freshets or excessive rains, said highway at the point designated has been dangerous and inconvenient for public travel on account of such obstruction; there being no escape for the great accumulation of surface water. The bill of complaint was filed August 5, 1911.

The answer of the defendant admits the first four paragraphs of the bill.

(5) Admitting the first part of the fifth paragraph of the bill, he denies that the natural and proper drainage of such accumulation of surface water is due eastward as stated, but alleges that the same is immaterial.

(6) He denies that the highway authorities ever constructed any such ditch as is alleged in complainant's bill upwards of 20 years ago, or any other time, or that they ever had any right to construct such a drain.

(7) He admits the accumulation of water in the depression or basin, but denies that complainant or any other person or corporation ever had any right to empty the water from said basin, either on, over, or across defendant's premises.

(8) Whether or not it is impossible to keep said highway in condition, etc., is immaterial, as neither complainant nor any other person has any right to use defendant's farm or any part of it for drainage purposes. He has no knowledge as to whether any surveyor has taken levels along the south line of the highway, but he admits that his land is considerably lower than the said depression or basin, and says that if complainant is permitted to con-

struct the drain thereinafter complained of, and for which permission is asked by complainant, such ditch or drain would convey the water not only from the basin described, but also from an exceedingly large tract of land adjacent to said basin, and would precipitate the same upon the lands of defendant, working him great and irreparable injury.

(9) Defendant admits that in June, 1910, a person acting under the illegal instructions of complainant undertook to construct a drain on his land, and to flood him with the waters from a large territory to the west and north of his land, and that defendant did not and would not permit such trespass to drain said water illegally upon his land.

(10) He admits that complainant has continued his attempts at divers times to work defendant injury in the manner stated.

(11) He denies that he has taken any illegal steps in relation to said drain.

(12) He alleges that if it is either convenient or necessary for drainage of the farm lands, and highways lying to the southwest and northwest of defendant's farm, the legal course should be taken, and not the attempt either by force, stealth or equity proceedings to force such water upon his land.

Seeking affirmative relief, he prays for the benefits of a cross-bill, and says:

(1) That his said land is first-class agricultural land, known as bottom lands, slightly sloping from the west to east and from the north to the south; that his farm buildings are on the north part of said farm, just south of the highway limits; that it is all very valuable and productive, lying considerably lower than the lands to the westward, northwestward, and southwestward; and that it requires all of the facilities at his hands to keep said land properly drained from the water falling thereon, the melting snow and ice thereon, and such water as naturally finds its way thereon from adjoining lands.

(2) That for a few years last past there has been a small road ditch across the north end of his said farm, and within the highway limits, continuing on to the east a short distance beyond his east line, then crossing the roadbed to the north, then continuing east on the north side of the highway to a county drain. That a short time

prior to the acts complained of by complainant in his bill complainant caused or permitted such ditch to the east of this cross-complainant's land aforesaid to be materially reduced in size by the placing therein of small steel tubes, and the filling in around said tubes with earth, thereby greatly hindering the flowage of the water, setting the same back, and flooding cross-complainant's land during the time of high water.

(3) That complainant, not being satisfied with draining the water back upon the lands of cross-complainant, thereby working irreparable and great injury to him, has continued to construct highway drains to the westward to bring large volumes of additional surface water down upon cross-complainant's land, but has also placed upon the highway westward of cross-complainant's land, and within the radius of the basin aforesaid, a steel tube 18 inches in diameter within the roadbed for the purpose of conveying the water from the northward and northwestward to the south side of said roadbed down to what is termed by complainant the highway drain onto cross-complainant's land aforesaid.

(4) That complainant, in conjunction with the owners and occupants of the lands to the west and northwest of cross-complainant's land, has constructed, caused to be constructed, and permitted to be constructed, numerous so-called highway drains, and has extended other highway drains so as to convey large volumes of water into and through said basin down said highway drains onto cross-complainant's said lands.

(5) That complainant has either caused or permitted numerous owners and occupants of lands to the west and northwest of cross-complainant to construct ditches conveying the waters from their several holdings into the so-called highway ditches, thereby causing and permitting large quantities of surface water from a vast territory to the west and northwest, to be gathered together and precipitated upon the land of cross-complainant, well knowing that, when water is precipitated upon the northwest corner of his land, it will spread out, and cover practically all of his land, working great and irreparable injury to him, prevent proper farming by him, and causing large volumes of stagnant water to remain on his land, making such location unhealthful to the dwelling house thereon, and its inhabitants.

(6) That complainant is, and has been for upwards of a

year last past, attempting to excavate along cross-complainant's land, between his buildings and the roadbed, and to make a deep cut along a part of his land, thereby preventing the latter (cross-complainant) from freely passing from his buildings to the roadbed and thence to his fields, thereby preventing him from the free and full use of his lands, and making the premises unsightly, and greatly depreciating the value of his property.

(7) He alleges that all of these acts of the complainant have been done without any legal proceedings.

He prays that complainant be restrained from constructing any drain, conduits, culverts, or other means of conveying water whereby water may be conveyed directly or indirectly upon his land. In his answer to the cross-bill complainant reasserts his claim as stated in the original bill.

Referring to the steel tube upon the north side of the highway and east of defendant's premises, complainant says that a predecessor in office at a point about a half mile east of said land, finding it convenient and advisable to do so for a distance approximately of 14 rods, placed therein crock tile either 18 or 20 inches in diameter, and at either end thereof a steel tube 18 inches in diameter, and 8 feet long, which has at all times been of sufficient capacity to furnish complete and adequate drainage for the water traversing said highway at all seasons of the year, and denies that, by reason thereof, the water in said ditch has been retarded or hindered, or that by reason thereof water has been set back onto the land of defendant. The other allegations of the cross-bill are substantially denied.

The cause was heard upon testimony taken in open court, as in a suit at law. The learned circuit judge, who heard and saw the witnesses testify, entered a decree for the complainant, wherein he found:

(a) That the highway ditch or drain is necessary to keep and maintain the highway adjacent thereto in a condition reasonably safe and convenient for public travel.

(b) That the existence of said ditch or drain, without

impediment or obstruction, is a needed improvement to said highway, and consequent benefit to the public, and that the same was constructed with those objects in view.

(c) That said highway and ditch or drain have been continuously in use as such, and for the purposes for which they were constructed and established, for a period of 20 years prior to the beginning of this suit.

(d) That ever since the construction of said ditch or drain the same has been maintained by the highway authorities in good faith for the maintenance and permanent improvement of said highway, and its dimensions have not been enlarged, except by and through the illegal acts and conduct of said defendant.

(e) That said highway authorities were acting within their rights and in good faith when in the years of 1910 and 1911 they attempted to clean out said ditch or drain, and that such cleaning out was for the improvement of said highway.

(f) That said defendant illegally prevented said highway authorities from cleaning out said ditch or drain, as above stated, and as set forth in said bill of complaint, thereby preventing the highway improvement sought by said authorities, as well as causing said highway to become and remain unsafe and inconvenient for public travel.

The court adjudged and decreed that the defendant be perpetually restrained from in any manner interfering with said highway authorities, or any of them, or their successors in office, or any of them, or any person or persons acting under their instructions, or the instructions of any of them, in removing the obstructions placed in said ditch or drain by said defendant, or in cleaning out, and thereafter maintaining, said ditch or drain, or from in any manner interfering with the drainage of said highway, provided, however, that the highway authorities shall only restore said ditch or drain to its dimensions before said defendant enlarged and obstructed the same, as near as may be, by removing all obstructions, sods, or other growth or substances to the depth at which said ditch or drain was prior to said obstruction by defendant, and thereafter maintain the same accordingly, without in-

terference by said defendant. The defendant has appealed.

We cannot here undertake to set out at length the testimony in the case. We have read the record with care, and are satisfied that, by a clear preponderance of the evidence, it appears that the equities of the case are with the complainant, with an exception which we shall point out. We are satisfied that the complainant had the right to clean out and keep open the ditch on the south of the highway in front of defendant's premises, and that defendant wrongfully obstructed the same. We think that by a clear preponderance of the evidence, each of the findings of the circuit court, as contained in the decree, is supported, and that the defendant should be restrained as therein ordered.

We are, however, impressed with the claim of the defendant in his cross-bill that the capacity of the ditch or drain in front of the premises of John Maedel has been materially reduced by the placing therein by complainant's predecessor of 18-inch steel tubes and crock tile, and filling in around the same with earth, thus operating as an obstruction to the flowage of the water. It appears, and we find that from the point of the basin or depression at the corners of sections 1, 2, 11, and 12, and extending east along the highway, a ditch has existed for over 20 years on each side of the highway, to the east line of the premises of James Regan (being the W. ½ of N. E. ¼, section 12). At this point the ditch on the south side of the highway is carried across the highway through a culvert, and there unites with the ditch on the north side of the highway, and immediately east of this point in the ditch on the north side of the highway is the obstruction consisting of the steel tubes and tile. Whether this 18-inch opening is of sufficient capacity to carry off the water is a question of fact. A careful examination of the testimony upon this point, and taking into consideration all of the surroundings, including the conceded facts that in the spring, and at times of high water, a large quantity of

water flows east at this point, all lead us to the conclusion that this steel and tile work is not of sufficient capacity, and that it should be removed entirely, or that other tile, the diameter of which shall not be less than 30·inches, be substituted in place thereof by the complainant within a reasonable time. It appears to us that upon the main questions in the case the doctrine of this court as set forth in the cases of *Highway Commissioners* v. *Ely*, 54 Mich. 173 (19 N. W. 940), and *Dean* v. *Millard*, 151 Mich. 582 (115 N. W. 739), applies.

It appearing that the ditch or drain on the south side of the highway in front of defendant's premises has existed for more than 20 years, and that complainant had the right for the betterment of the highway to keep the same open and in good condition, we do not think that the claim of defendant that it was the duty of complainant to proceed under the provisions of chapter 15 of Act No. 283 of the Public Acts of 1909 can be sustained. The decree of the circuit court will be modified by directing the complainant, as commissioner of highways, to remove entirely the steel tube and tile obstruction indicated, or that other tile be substituted therefor, as above specified, within three months; and in all other respects, including the award of costs to the complainant in the court below, the decree will be affirmed.

The defendant will be allowed his taxable costs against complainant in this court.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.